NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**SEP 19 2025**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3242 |
| Plaintiff - Appellee, | D.C. No. 4:21-cr-00351-JSW-2 |
| v. | |
| MATTHEW LEE PELTON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted September 17, 2025**
San Francisco, California

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.***

Matthew Pelton appeals the order of restitution imposed for his convictions

for conspiracy to produce child pornography and for production of child

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

pornography, in violation of 18 U.S.C. § 2251(a), (e). The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We review the order of restitution for abuse of discretion. *United States v. Dadyan*, 76 F.4th 955, 958 (9th Cir. 2023). We affirm.

Pelton's appellate waiver does not block this appeal of the restitution award. We will not enforce a defendant's waiver of his right to appeal a restitution order unless the defendant received "a reasonably accurate estimate of the amount of the restitution order to which he is exposed." *United States v. Lo*, 839 F.3d 777, 785 (9th Cir. 2016) (citing *United States v. Tsosie*, 639 F.3d 1213, 1217 (9th Cir. 2011)). A plea agreement must include "some precision" regarding the potential amount of restitution. *Tsosie*, 639 F.3d at 1219.

Pelton did not receive a reasonably accurate estimate. The plea agreement only stated that the restitution award would be "determined by the court," and that Pelton would be required to pay the "amount to be set by the Court at the time of sentencing." Because Pelton did not receive any estimate of the amount of restitution the court would order, his appellate waiver does not bar this appeal of his order of restitution.

On the merits, in cases involving child pornography, a court "shall" order restitution that "reflects the defendant's relative role" in the "full amount of the victim's losses." 18 U.S.C. § 2259(a), (b)(2)(B). In determining those losses, courts

2                                                                                          23-3242

may consider, for instance, the costs of psychological care, rehabilitation, lost income, and "any other relevant losses incurred by the victim." *Id.* § 2259(c). The statute's "generous terms" give district courts broad discretion to "compensate the victims of sexual abuse for the care required to address the long term effects of their abuse." *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999). Restitution in this context looks to "*all* [the victim's] child-pornography losses." *Paroline v. United States*, 572 U.S. 434, 459 (2014) (emphasis added).

When awarding restitution to Minor Victim #1 and Minor Victim #2 in this case, the district court considered reports from mental health professionals who examined the victims. These evaluations concluded that each victim would require professional mental health treatment over the course of their lifetimes. The district court considered the market rates for these sessions, insurance premiums, and the rates that their therapists charged.

The court also awarded Minor Victim #2 $346,242.76 in productivity and quality of life losses as "other relevant losses" under § 2259(c)(2)(F). In arriving at this award, the district court considered (i) reports from medical and mental health professionals, (ii) scholarship highlighting the long-term economic consequences of child sex abuse, (iii) other cases where courts awarded similar restitution amounts, and (iv) statistics on the economic consequences of child abuse from the Centers for Disease Control.

23-3242

The district court had broad discretion to calculate a mandatory restitution award. In exercising that discretion, it considered expert medical advice, scholarly literature, and relevant statistics to arrive at its decision. That we may have awarded a different amount in the first instance does not justify reversal. *See United States v. Whitehead*, 532 F.3d 991, 993 (9th Cir. 2004) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Given § 2259's broad language and its reasoned decision, the district court did not abuse its discretion.

**AFFIRMED**